UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
     Plaintiff,

vs.

TODD LEONI, Trustee of the Todd Leoni
Trust dated August 17, 2000;
ANDREA J. LEONI, Trustee of the Andrea J.
Leoni Trust dated August 17, 2000; and
XCLUSIVE TRADING SF LLC,
     Defendants.

## **COMPLAINT**

Plaintiff, EMILIO PINERO (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, TODD LEONI, Trustee of the Todd Leoni Trust dated August 17, 2000; ANDREA J. LEONI, Trustee of the Andrea J. Leoni Trust dated August 17, 2000 (hereinafter, the "LEONIS"); and XCLUSIVE TRADING SF LLC (hereinafter, collectively the "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## **JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. The subject property is a retail telecommunications store located at 8191 NW 27th Avenue, Miami, FL 3314 (hereinafter, the "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is

1

proper in this Court as the Subject Premises are located in the Southern District and Miami-Dade County.

## PARTIES

4.      Plaintiff, EMILIO PINERO, is over the age of 18, *sui juris*, and a resident of Miami-Dade County, Florida. Plaintiff is a double-leg amputee from the knee down, which limits his major life activities including but not limited to walking and require the use of mobility aids. Plaintiff is a qualified individual under the ADA.

5.      Defendant, TODD LEONI, as Trustee of the Todd Leoni Trust dated August 17, 2000, transacts business in the State of Florida and within this judicial district.

6.      Defendant, ANDREA J. LEONI, Trustee of the Andrea J. Leoni Trust dated August 17, 2000, transacts business in the State of Florida and within this judicial district

7.      Pursuant to the Miami-Dade Property Appraiser's Office, the LEONIS are the co-owners of the Subject Premises.

8.      Defendant, XCLUSIVE TRADING SF LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the retail telecommunications store "METRO BY T-MOBILE" located at the Subject Premises.

9.      According to the Miami-Dade County Tax Collector, the Defendant, XCLUSIVE TRADING SF LLC, was issued a Business Tax Receipt on November 18, 2014 for the Subject Premises.

10.      METRO BY T-MOBILE, located at 8191 NW 27th Avenue, Miami, FL 33147, is a retail telecommunications store offering prepaid mobile plans, 5G-capable phones, and related accessories. The establishment provides a welcoming and customer-centric atmosphere, inviting

visitors to explore the latest devices and service offerings. The Plaintiff enjoys visiting METRO BY T-MOBILE and appreciates the quality of its products and convenient retail environment. However, despite the Plaintiff's positive regard for the store, significant accessibility barriers limit their ability to fully engage with the services and make purchases, in violation of the ADA. Plaintiff visited the establishment to purchase a mobile product or service but was unable to do so due to the barriers enumerated in Paragraph 27 of this Complaint.

## FACTUAL ALLEGATIONS AND CLAIM

11.     On or about August 27, 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

12.     Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

13.     Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

14.     Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

15.     Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities

Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

16.     Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

17.     As the Subject Premises was designed, constructed, and received its Business Tax Receipt in 2014, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

18.     The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

19.     Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

20.     Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

21.     On or about August 27, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

22.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

23.     Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

24.     Defendants, LEONIS and XCLUSIVE TRADING SF LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

25.     LEONIS, as the co-owners of the Subject Premises, are responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

26.     XCLUSIVE TRADING SF LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

27.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Parking**

**i. Non-Compliant Surface Slope at Accessible Parking Space**
Plaintiff, and other wheelchair users, has difficulty using the accessible parking space

5

because the surface slope exceeds 2% in all directions. This condition makes the space unsafe for individuals with mobility impairments. This is a violation of §§4.6.3 and 502.4 of the ADAAG and 2010 ADA Standards. Reworking or repaving the parking space to provide a compliant slope is readily achievable.

**ii. Faded Parking Space and Access Aisle Striping**
Plaintiff has difficulty identifying and safely using the accessible parking spaces and access aisles because the striping has faded due to lack of maintenance. This is a violation of §§4.6.3 and 502.3 of the ADAAG and 2010 ADA Standards. Restriping the spaces and aisles to provide clear markings is readily achievable.

**iii. Non-Compliant Accessible Parking Signage**
Plaintiff has difficulty identifying the accessible parking space because the signage is not mounted at the proper height and does not display the required international symbol of accessibility. This makes the designated space difficult to locate for disabled patrons. This is a violation of §§216 and 502.6 of the ADAAG and 2010 ADA Standards. Installing compliant signage is readily achievable.

**Accessible Route**

**iv. Non-Compliant Cross Slope on Accessible Route**
Plaintiff, and other disabled patrons, has difficulty traversing the accessible route from the parking area to the entrance because the cross slope exceeds 2%. This condition makes the route unsafe and difficult to navigate for wheelchair users. This is a violation of §§4.3.7 and 403.3 of the ADAAG and 2010 ADA Standards. Reworking or repaving the accessible route to provide a compliant cross slope is readily achievable.

**Main Entrance**

**v. Non-Compliant Maneuvering Clearance at Main Entrance Door**
Plaintiff has difficulty opening the main entrance door because the maneuvering clearance on the pull side has a non-compliant slope. This condition makes it hazardous for wheelchair users to safely operate the door. This is a violation of §§4.13.6 and 404.2.4 of the ADAAG and 2010 ADA Standards. Reworking the area to provide a level maneuvering clearance is readily achievable.

28.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

29.     Alternatively, to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff, MR. PINERO, is a staunch and devoted advocate of the rights of similarly situated disabled persons and is a "tester" for the rights of individuals with disabilities to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

30.     Plaintiff lives approximately 10 miles from the Subject Premises and intends to return within the next six months to ensure accessibility for individuals with physical disabilities and to avail himself of the goods and services therein. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete, if he is able to do so.

31.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

32.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**<u>RELIEF SOUGHT</u>**

33.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

34.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant

injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

35. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
    *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com